---

### In re F. & D. CO.

(District Court, S. D. New York. December 26, 1916.)

BANKRUPTCY ⬳127—TRUSTEES—APPOINTMENT BY REFEREE.

Where neither candidate for trustee in bankruptcy received the requisite votes in number and amount at the creditors' meeting, it was improper for the referee to appoint as trustee one of those candidates, since that in effect nullified the statutory provision requiring a majority in number and amount.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 183; Dec. Dig. ⬳127.]

In Bankruptcy. In the matter of the F. & D. Company, bankrupt. On motion to review the order of the referee appointing a trustee. Order reversed.

Jacob J. Lesser, of New York City, for the motion.
Augustus H. Skillin, of New York City, opposed.

MAYER, District Judge. This is a motion to review the order of the referee herein appointing a trustee. The circumstances were as follows:

Two candidates were nominated for trustee; neither had the requisite votes of the majority in number and amount of the creditors. The result was no election. The referee appointed as trustee one of these unsuccessful candidates. There is no question as to the integrity or ability of the trustee thus appointed by the referee. It seems to me, however, that the appointment is not in accordance with the purpose and intent of the statute. The statute, in this regard, conferred upon a majority in number and amount of the creditors the right to

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

select their own trustee, subject always to the approval of the court. That approval always involves the character of the trustee, in addition to the statutory regularity of the selection of the trustee. To hold that the referee had power to select one of the unsuccessful candidates is, in my view, to obviate the very purpose of the statute in requiring that when the créditors act there must be a majority in number and amount in order to make the election effective.

What this action of the referee comes to is that he has appointed one of the persons whom the creditors have demonstrated that they are unable to select. Such an appointment by the referee is, in effect, overriding the clear intent of the statute.

For this reason the order will be reversed, and the court will appoint a new trustee.

### Addendum.

I may add to the memorandum above written a further observation, in order to make clear that there is no conflict between my decision in the Matter of Harry Rothleder, 232 Fed. 398, and that in the case at bar. In the Rothleder Case the point decided in this case was not raised, and consequently not passed upon.